UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CARL LINDBLAD,<br>SUSAN VERGOT,<br><br>　　　　　　　　　　　Defendants. | Case Nos.: 18CR1850-JLS<br>　　　　　　　18CR1855-JLS<br><br>**ORDER:**<br><br>**1) DENYING MOTIONS FOR RECONSIDERATION;**<br><br>**2) DENYING WITHOUT PREJUDICE MOTIONS FOR COMPASSIONATE RELEASE; AND**<br><br>**3) EXTENDING SELF-SURRENDER DATE AND CONTINUING STATUS HEARING** |

　　　Pending before the Court are Defendants' motions for reconsideration and for compassionate release (ECF Nos. 73 and 80). Having fully considered these motions, Plaintiff's opposition, and Defendants' reply, the Court concludes that the motions must be denied.

　　　Defendants' motions for reconsideration of their sentences must be denied because their sentences are final and this Court lacks the authority to modify them. Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment constitutes a final judgment unless it is corrected pursuant to Rule 35 of the Federal Rules

of Criminal Procedure, is appealed and modified, or modified pursuant to § 3582(c). The provisions of Rule 35 are inapplicable in these cases[1] and no appeals were taken, thus the only potential avenue for sentence modification lies under 18 U.S.C. § 3582(c).

Defendants' motions for compassionate release under 18 U.S.C. § 3582(c)(1)(A), are precluded because the defendants have not exhausted all administrative remedies as required in 18 U.S.C. §3582(c)(1)(A), nor have 30 days lapsed since receipt of a request by the defendants to the warden of the defendants' facility.[2] The exhaustion requirement is a mandatory claim-processing rule that must be enforced when properly invoked. *United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021).

For these reasons, Defendants motions for reconsideration are **Denied**. Defendant's motions for compassionate release are **Denied Without Prejudice**.

In light of the foregoing, as well Defendants' medical issues and the continuing threat of the COVID-19 virus, IT IS FURTHER ORDERED that Defendants' self-surrender deadline shall be extended from March 28, 2022 to September 1, 2022 at 12:00 p.m. The Status Hearing re: Self-Surrender shall be continued from April 1, 2022 to September 9, 2022 at 9:00 a.m.

IT IS SO ORDERED.
Dated: March 17, 2022

Hon. Janis L. Sammartino
United States District Judge

---

[1] Rule 35 permits sentence modifications for 1) correction of clear error within 14 days of sentencing and 2) substantial assistance upon government motion.

[2] Although many courts have read a custodial predicate into 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement, nothing in the plain langue of the statute requires the defendant to be in custody. *See, e.g., United States v. Maxwell*, __ F.Supp.3d __, 2021 WL 4776012 at *3-4 (S.D. Ohio Oct. 13, 2021) (compiling cases).